### THORNE v. AMERICAN DISTRIBUTING CO.

(Circuit Court, D. Massachusetts. August 13, 1902.)

#### No. 1,187.

1. NEW TRIAL—QUESTIONS REVIEWABLE ON MOTION—INSTRUCTIONS.
   On a motion for a new trial the court cannot properly reconsider the instructions which it gave the jury on propositions of law unless it appears that an error was committed through inadvertence.

At Law. On motion for new trial by defendant.

Lord & Hunneman and Robert Walcott, for plaintiff.
Matthews & Thompson, for defendant.

PUTNAM, Circuit Judge. Of course, on this motion for a new trial the court cannot properly reconsider the instructions which it

gave the jury on propositions of law. To do so might, on the one hand, deprive the defendant of its just exceptions, and, on the other hand, merely bring about a new trial, with the result that no progress would be made towards the determination of the questions of law involved by the only tribunal which can finally dispose of them. Occasionally the court finds that in charging a jury it has made a mere slip, which requires it to revise its own rulings on a motion of this character, but nothing of this nature is now before us.

Having in view the propositions stated, every question which is now brought up for revision on this motion for a new trial was deliberately submitted to the jury for its determination, and carefully explained to it. There is now no complaint that the jury did not properly understand the rulings of the court in these particulars. When the case went to the jury the court was of the opinion that the issues which it had to pass on were of such a character, and the facts in reference thereto were either so obscure or so doubtful, that the conclusion of the jury in reference thereto would necessarily be final, and could not be revised by us. As, however, at the trial to the jury, in accordance with our practice, we endeavored to guard our mind against any conclusions of so decided a character that they would prevent us from giving due weight to whatever might be submitted to us on a motion for a new trial, and therefore were not eager to follow the evidence so closely as we otherwise might have done, we have listened attentively to whatever counsel had to submit with reference to the pending motion, and have since given it careful examination. The result has been to confirm the impressions which we formed during the trial of the case, that the conclusions of the jury on all the propositions now in issue cannot be revised by us.

We have no question whatever about this, except with reference to the proposition which we submitted to the jury, to the substantial effect that if with regard to the defendant's elevator, whose alleged defective condition, it is claimed, caused the injuries to which this suit relates, the defendant had put the matter of repairs into the hands of a reputable, standard concern, under instructions to make them thorough, complete, and full, the jury would be justified in finding that the defendant had thus performed the duty of causing reasonable care to be used with reference to its condition. We added, however, the following instruction:

"If, however, the examination and repairs were not of a thorough and careful character, such as you may deem, under the rules which I give you, work of that sort should be, and was done by men employed incidentally for the purpose of doing it, then it would not be excused for anything which the orders to repair did not cover, or which the men employed by him incidentally might omit to do."

On a careful re-examination of those parts of the record which have been called to our attention by counsel on this motion, we are entirely unable to say that the jury was not justified in finding that the terms of these instructions were not complied with. On the other hand, we are of the opinion that the verdict of the jury in that respect was correct. As this involves a pure question of fact, and the result of com-

parison of various portions of the record, nothing could be gained by pursuing the matter further.

In this case there will be an order:

The motion for new trial filed by the defendant on June 14, 1902, is denied.